IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN EVANS,

    Plaintiff,

v.

HYATT CORPORATION, d/b/a HYATT REGENCY SAN FRANCISCO, and DOES 1 through 20, inclusive,

    Defendants.
                                   /

No. C 07-01763 WHA

**ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

    Defendants' motion to enforce the settlement agreement is **GRANTED IN PART AND DENIED IN PART**. On January 17, 2008, the parties participated in a mandatary settlement conference before Magistrate Judge Maria Elena James. At the settlement conference, the parties reached a settlement agreement which was stated on the record:

> Judge James: All right. Okay, we've reached a settlement on this matter and I'm gonna state it for the record and ask both parties to listen carefully. In exchange for Mr. Evans dismissing his case with prejudice, the defendants have agreed that they will modify the current termination in his personnel file from a termination to a resignation and that when anyone calls asking for a reference for Mr. Evans, the file will have a confidential seal placed on it, and the only information provided to any subsequent potential employer or anyone requesting information would be the dates that Mr. Evans worked and the fact that he resigned voluntarily.
>
> Ms. Van Krieken (Defense Counsel): And I would add your Honor that we would also confirm his position held.
>
> Judge James: And the position held, okay. In addition, there is an order dated January 3rd by Judge Alsup which is granting defendants' motion to compel and motion for extended discovery cutoff in which the Court had fined Mr. Evans the sum of $1,498.26; the defendants have agreed to forego that claim, in other words they will relinquish that claim against Mr. Evans and at this point both parties will bear their own attorney's fees and costs. And this will recompense [unintelligible] a signed release from Mr.

|   |   |
|---|---|
| 1 | Evans, both sides will actually relinquish all their claims against each other up to this point. All right. And counsel you heard the agreement, was there anything that I missed? |
| 2 | |
| 3 | Ms. Van Krieken: No your Honor, nothing. |
| 4 | Judge James: Okay. Counsel so then you have heard the agreement as it was placed on the record. Did you understand it? |
| 5 | |
| 6 | Ms. Van Krieken: Yes. |
| 7 | Judge James: And you agree to be bound by it, you have the authority to bind the defendants? |
| 8 | |
| 9 | Ms. Van Krieken: Yes I do. |
| 10 | Judge James: And Mr. Evans you heard the agreement as it was placed on the record. Did you understand it? |
| 11 | Mr. Evans: Yes I do. |
| 12 | Judge James: And you agree to be bound by it? |
| 13 | Mr. Evans: Yes I do. |

The next day following the settlement conference, defendants sent Evans a draft settlement agreement and mutual release form (Evarts Decl. Exh. B). Evans has refused to sign either document. Defendants now move to enforce the settlement agreement. Evans has filed no opposition to the motion.

An oral settlement agreement, particularly one reached in open court and memorialized on the record, is binding as long as both parties understood the terms of the settlement and expressed an intention to be bound by it. *See Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir. 2002) ("Any question as to [plaintiff's] intent to be bound was answered when she appeared in open court, listened to the terms of the agreement placed on the record, and when pressed as to whether she agreed with the terms, said 'yeah.'"). Here, the record cited to above evidences a clear intention by both parties to be bound by the terms outlined by Judge James. Judge James asked Evans if he understood the terms of the settlement, which Evans replied "Yes I do", and Judge James asked if he agreed to be bound by it, which Evans replied "Yes I do." The same understanding and intent to be bound was evidenced by defendants. Evans was given an opportunity to show cause why the settlement should not be enforced and filed

nothing. A hearing was also held. Evans has provided no reason justifying why the settlement detailed on the record should not be enforced.

Defendants request to enforce their proposed settlement agreement and release form as drafted, however, goes too far. The only terms which Evans agreed to on the record were those which were specifically outlined by Judge James at the settlement conference. Nothing else on the record indicates any intent by Evans to be bound by the complicated legalese contained in the draft settlement agreement and release form provided by defendants. Accordingly, only the specific terms outlined by Judge James at the settlement conference will be enforced.

Defendants' motion to impose sanctions is **DENIED**. Defendants were not entitled to impose a boilerplate agreement upon Evans. At most, only the bare-bones terms detailed at the settlement conference should have been included in the settlement agreement.

This case is now **DISMISSED WITH PREJUDICE**. Within seven calender days, defendants shall file a declaration certifying that they have fully carried out their end of the bargain.

**IT IS SO ORDERED.**

Dated: April 2, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3